[Clewis v. Malone.]

# Clewis *v.* Malone.

## *Action of Trespass.*

1. *Action of trespass; admissibility of evidence.*—In an action of trespass to recover damages for the wrongful taking of personal property, where one of the principal issues involved is whether the property sold by the sheriff under attachment brought its fair value, it is competent for the sheriff to testify how many times such property was offered for sale under the attachment before it was sold.

2. *Same; same.*—In such a case, the fact that the attorney for the plaintiff in attachment was present at the sale of the property levied upon, and allowed such property to be sold for the price bid by strangers, is immaterial, irrelevant and inadmissible; it not being shown that such attorney had authority to bid at the sale for his client.

3. *Evidence; when error in ruling thereon considered prejudicial.* Where the court errs in refusing to allow a proper question to be asked a witness, such ruling will be held to be prejudicial to the opposing party, unless the contrary affirmatively appears.

4. *Action of trespass; charge to the jury.*—In an action of trespass to recover damages for the wrongful taking of property under a writ of attachment, where the plaintiff claims to have been the purchaser of property which was exempt to the seller, a charge requested by the defendants which instructs the jury that if they "should ascertain from the evidence that the goods involved in this suit are worth more than one thousand dollars, then the plaintiff can not recover in this case, unless they are reasonably satisfied that" the seller owed "plaintiff an honest and fair debt of one thousand dollars, and what it consisted of, and how it was due, and that the goods were sold at their fair and adequate value," and that "the seller reserved no interest in said goods," is erroneous, misleading and properly refused.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

This was an action of trespass brought by the appellant, E. L. Clewis against Malone & Sons to recover

damages for the wrongful taking of a stock of goods. G. E. Clewis on the 4th day of January, 1895, sold his stock of merchandise, which consisted of whiskies, wines, etc., to the plaintiff. At the time of this sale he was indebted to Paul Jones & Co. for goods he had bought from them six or eight months before the sale. To collect their debt Paul Jones & Co. sued out an attachment and had the same levied on the goods sold by G. E. Clewis to plaintiff, and after properly advertising the same had the sheriff to sell said goods. Before the sale was made the sheriff required of Paul Jones & Co. a bond of indemnity and the defendants in this case were the sureties on the bond. The real controversy on the trial of the case was whether the sale from G. E. Clewis to plaintiff was a fraudulent one as against Jones & Co. The plaintiff insisted that the transaction was a valid one for two reasons: First, that at the time of the sale G. E. Clewis was a *bona fide* resident of the State of Alabama and did not own personal property exceeding in value one thousand dollars, which was exempt to him under the laws of Alabama; and second, that the goods were sold by G. E. Clewis to plaintiff in payment of a *bona fide* indebtedness due him to her, that said debt was honest, that there was a fair price allowed for the goods and that no interest of any kind was reserved by G. E. Clewis. There was evidence offered to support both theories of the contention. On the contrary, the defendants insisted that the said sale was fraudulent as against Paul Jones & Co. because the value of the goods sold was materially more than one thousand dollars. It was undisputed that G. E. Clewis did not owe the plaintiff but the one thousand dollars at the time of the sale. The only material controversy was as to the value of the goods.

During the examination of the deputy sheriff who levied the attachment and who sold the goods by the order of the court, he was asked the following question: "How many times were the goods offered for sale under the attachment by you before they were sold?" The defendants objected to this question, the court sustained the objection, and the plaintiff duly excepted. The

plaintiff then asked the same witness the following question: "Did not B. G. Farmer, Esq., represent Paul Jones & Co. in the attachment suit and was he not present when the goods were sold by you?" The defendant objected to this question, the court sustained the objection, and the plaintiff duly excepted.

The plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they will find for the plaintiff." (2.) "If the jury are reasonably persuaded from the evidence that the property sold by G. E. Clewis to E. L. Clewis was substantially all of the property owned by G. E. Clewis at the time of the sale and that the sale was made for the purpose of paying a debt due by him to E. L. Clewis, then their verdict will be for the plaintiff." (3.) "The court charges the jury that if they believe the evidence in this case there was no such interest reserved by G. E. Clewis as will avoid the sale from him to the plaintiff." (4.) "The court charges the jury that to establish the *bona fides* of the debt due by G. E. Clewis to B. Clewis that it was not necessary to give in detail each item due for money borrowed and wages due, and if she reasonably satisfies them that one thousand dollars was due, then she will be held to have discharged the burden of proving her debt." The plaintiff separately excepted to the court's giving of each of the following written charges requested by the defendants: (1.) "If the goods involved in this case are worth materially more than one thousand dollars, then the jury must find for the defendants." (2.) "If the jury believe from the evidence in this case that the value of the goods sold by George Clewis to E. L. Clewis on the 4th day of January, 1895, were worth materially more than one thousand dollars, then they must find their verdict for Malone & Sons, the defendants." (3.) "If the jury should ascertain from the evidence that the goods involved in this suit are worth more than one thousand dollars then the plaintiff can not recover in this case, unless they are reasonably satisfied that George Clewis

owed plaintiff an honest and fair debt of one thousand dollars, and what it consisted of and how it was due, and that the goods were sold at their fair and adequate value, and that George Clewis reserved no interest in said goods."

There were verdict and judgment for the defendants. Plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

H. A. PEARCE, for appellant, cited *Morrow v. Campbell,* 118 Ala. 330; *Gay v. Strickland,* 112 Ala. 567; Code, § 2158; *Bank v. Kiser,* 119 Ala. 194; *Lehman v. Griel Bros.,* 119 Ala. 262; *Sampson v. Jackson,* 103 Ala. 550; *Builders, etc., Supply Co. v. Lucas,* 109 Ala. 202.

ESPY, FARMER & ESPY, *contra,* cited *Moore v. Penn,* 95 Ala. 200; *Levy & Co. v. Williams,* 79 Ala. 171; *Hodges & Co. v. Coleman,* 76 Ala. 103; *Freeman v. Stewart,* 119 Ala. 158; *Martin v. Demoville,* 116 Ala. 233; *Robison v. Mosely,* 93 Ala. 70.

McCLELLAN, C. J.—The pivotal inquiry in this case on the trial below was whether the property transferred by G. E. Clewis to E. L. Clewis was worth more than one thousand dollars, and this issue turned upon whether that part of the property which was sold by the sheriff under the attachment brought its fair value. There was evidence for the defendant tending to show that the part so sold was worth largely more than the bid at that sale, about $540. As a circumstance tending to show that it was not worth more than that sum, the plaintiff on cross-examination of the sheriff asked this question: "How many times were the goods offered for sale under the attachment before they were sold?" The defendants objected to this question and the court excluded it. We think this was error. To the inquiry whether the property was worth more than it brought at the sale, all the circumstances bearing upon the sale were pertinent. If the sheriff made no special efforts to secure a fair sale and full value, this

would have been pertinent. And so if he had made one or more previous unsuccessful efforts to sell the property, the tendency of the fact would have been toward showing that the sale he actually made was the best that could be made, and, of consequence, that the price received was commensurate with the value of the goods. So that any possible answer to the question would have been relevant. And we must presume injury from the error unless the contrary affirmatively appears: we cannot assume that there was no injury merely from the consideration that the question might have been answered unfavorably to the plaintiff.—*Nelson v. State,* 130 Ala. 83.

It was not shown that Mr. Farmer, the attorney for plaintiff in attachment, had any authority to bid at the sale for his clients, Jones & Co. Had such authority been made to appear, it would have been competent under the facts of this case for the plaintiff to prove that he was at the sale and allowed the property to be sold for the price bid by a stranger, as having some tendency to show that the price paid was fair and reasonable.

Charge 3 should not have been given for defendants. Its effect, or at least its tendency was to deny to G. E. Clewis the right to dispose of the property as exempt to him if it were worth one cent more than one thousand dollars, or other infinitessimal and immaterial excess: The law does not weigh the value in such "diamond scales." And it was bad for the further reason that it requires the jury to be reasonably satisfied not only that G. E. Clewis owed the plaintiff an honest and fair debt of one thousand dollars, but also that they should be reasonably satisfied as to each item of the debt and how it was due. While there was a burden resting on plaintiff to prove in what her debt consisted and how it was due, it is misleading to say that the jury cannot find the existence, *bona fides* and amount of the debt without such satisfaction as to all the details of it. The charge in this respect trenches upon the province of the jury; and so does charge 4 refused to plaintiff: it was for the jury to determine whether it

[Stephenson v. Harris.]

was necessary to their satisfaction for the evidence to disclose all the details of the alleged indebtedness.

The other assignments of error have been duly considered, and found to be without merit.

Reversed and remanded.